# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION



| | |
|---|---|
| CHARLES ADAM FIECHTNER, SR., | CV 13-9-M-DLC-JCL |
| Plaintiff, | ORDER |
| vs. | |
| SUSAN YOUNG, and<br>HELP POINT CLAIM SERVICES, | |
| and | |
| SHERIFF, et al. | CV 13-10-M-DLC-JCL |
| and | |
| VERIZON, | CV 13-11-M-DLC-JCL |
| and | |
| FBI, | CV 13-12-M-DLC-JCL |
| and | |
| MISSOULA, MONTANA POLICE, | CV 13-13-M-DLC-JCL |
| and | |
| GEICO INSURANCE, | CV 13-14-M-DLC-JCL |
| and | |

1

| | |
|---|---|
| VICTIM COMPENSATION and<br>STEVE BULLOCK, | CV 13-19-M-DLC-JCL |
| and | |
| UNITED STATES GOVERNMENT and<br>MISSOULA, MONTANA IRS, | CV 13-20-M-DLC-JCL |
| and | |
| JOHN REED, | CV 13-21-M-DLC-JCL |
| and | |
| MAYOR JOHN ENGEN, | CV 13-22-M-DLC-JCL |
| and | |
| MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration, | CV 13-23-M-DLC-JCL |
| and | |
| STATE BAR OF ARIZONA, and<br>KAREN WEIGAND, | CV 13-24-M-DLC-JCL |
| and | |
| STATE OF MONTANA,<br>STATE TROOPER, and<br>KAREN ORZECH, | CV 13-25-M-DLC-JCL |
| and | |
| JOHN REED, CARAS, and<br>SUSAN YOUNG, | CV 13-26-M-DLC-JCL |

and

WHITE HOUSE,  
JOHN BOEHNER,

CV 13-27-M-DLC-JCL

and

MICHEAL JAMES SMITH,

CV 13-28-M-DLC-JCL

and

JEREMIAH C. LYNCH,

CV 13-29-M-DLC-JCL

and

STATE OF NEW JERSEY  
SURCHARGE VIOLATION SYSTEM,

CV 13-35-M-DLC-JCL

and

STATE OF NEW JERSEY,  
PENNSAUKEN POLICE,  
CHERYL DUFFY, and  
CHIEF COFFE,

CV 13-36-M-DLC-JCL

and

JUDGE FOX,

CV 13-37-M-DLC-JCL

and

STATE OF NEW JERSEY,  
DAVE KUNKEL, and  
CLEMENTON POLICE,

CV 13-38-M-DLC-JCL

and

3

| | |
|---|---|
| CAMDEN COUNTY PROBATION DIVISION, CHILD SUPPORT ENFORCEMENT DIVISION, 5 EXECUTIVES, AMANDA WALTON, LINDA BROOKS, and CHRIS REILLY, | CV 13-39-M-DLC-JCL |
| and | |
| CAMDEN COUNTY JAIL, WARDEN, and PRISON GUARDS, | CV 13-40-M-DLC-JCL |
| and | |
| FHA, and JOHN ELLISON, | CV 13-41-M-DLC-JCL |
| Defendants. | |

United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendation on February 6, 2013, recommending dismissal of Plaintiff Charles Fiechtner's complaints in the 24 actions named above because his allegations are frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2). Judge Lynch further recommended Plaintiff be declared a vexatious litigant subject to a pre-filing order limiting his future litigation activities. Plaintiff did not timely object to the Findings and Recommendation in any action, and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell

Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch correctly determined he was not required to recuse himself from this case despite Plaintiff's allegations against him in CV 13-29-DLC-JCL. "A judge is not disqualified by a litigant's suit or threatened suit against him or by a litigant's intemperate and scurrilous attacks." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (internal citations omitted). Plaintiff's allegations relate only to Judge Lynch's role in presiding over his prior legal actions in this Court, and are barred by judicial immunity. He was not required to recuse himself from Plaintiff's case.

Plaintiff's prior actions commenced in January and February of 2011 were frivolous and dismissed for failure to state a claim or for improper venue despite giving Plaintiff ample notice and time to cure the defects of his actions. Plaintiff's current 24 actions also qualify as frivolous because his allegations are delusional, fanciful, and lack an arguable basis in fact or law. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A pre-filing injunctive order is warranted in this case because Plaintiff's conduct in the 35 cases he has filed in the previous two years is

frivolous and constitutes harassment as outlined in detail by Judge Lynch. *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). A review of Judge Lynch's findings and recommendations reveals no clear error. Therefore,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (docs. 2) are adopted in full in each action identified in the above caption. The 24 actions identified in the caption above are DISMISSED and judgment shall be entered pursuant to Federal Rule of Civil Procedure 58.

IT IS FURTHER ORDERED that Plaintiff is a vexatious litigant and his litigation activities are limited as follows:

1. Fiechtner is barred from filing the following actions in this Court:

    a. any action with vague, conclusory, irrational, delusional, incomprehensible, or fanciful allegations;

    b. any action which fails to set forth adequately supported, non-conclusory, short and plain statements of his claims showing he is entitled to relief as required by Fed. R. Civ. P. 8(a);

    c. any action alleging defendants have prevented him from becoming the President of the United States or a "star inventor"; and

    d. any action asserting conclusory allegations that defendants caused Fiechtner to sustain millions, billions, trillions, or zillions of dollars in damages.

2. Should Fiechtner file any further actions, they should be filed in a miscellaneous civil case entitled *In re Charles Adam Fiechtner, Sr.* and assigned to United States Magistrate Judge Jeremiah C. Lynch. Judge Lynch will review all such filings under appropriate standards and applicable laws to determine, on a case-by-case basis, whether the pleading should be filed as a civil action and allowed to proceed.

DATED this 4th day of March, 2013.

                                               Dana L. Christensen, District Judge
                                               United States District Court